## No. 271
## WILLIAMSON COAL SALES CO. v. GANO COAL MINING CO.
No. 18383. Ohio Supreme Court
Error to Hamilton Appeals
Motion for order to certify, docketed Feb. 13, 1924, 2 Abs. 147.

**297. CONTRACTS, PLEADING, in short form—Counterclaim.**

The parties are herein referred to as plaintiff and defendant as they appear in the trial court.

The Williamson Company, in 1922, entered into several contracts with the Mining Company whereby it agreed to sell and deliver to the Mining Company a certain number of cars of coal at prices fixed under the several contracts. Some of the coal was furnished and some was not. The Sales Co. sued on the short form of account for goods sold and delivered. The defendant answered with a general denial and then pleaded the several contracts and averred that the Sales Company had violated the same to the purchaser's great loss, and counterclaimed for the resulting damages. To this counterclaim the plaintiff filed an answer in which it "denies on information and belief . . . that the original plaintiff . . . is indebted to defendant in any sum whatsoever or on account of any of the things set forth in defendant's cross-petition."

Under the court's charge the defendant had the entire burden of proving the contracts, the breach thereof, and the lack of any justification for the breach. The Common Pleas found for plaintiff. The Court of Appeals reversed the Common Pleas upon the following grounds:

1. That the pleadings in the petition were insufficient to support the judgment as the rights of the plaintiff arose upon special contract and the short form of pleading is permissible in such a case only where the contract has been fully performed and there remains no duty except the duty to pay, which was not so in the instant case.

2. That the defense to the counterclaim was a nullity and that the plaintiff was in default for any defense to the cross-petition in that the answer was a mere denial of liability and not a special or general denial of any facts.

3. That the court committed error in instructing the jury in that it failed to charge that the plaintiff had the burden of proving the allegations in its petition and also in placing the burden of proof upon the defendant to show lack of justification for the breach.

The Williamson Company filed a motion in the Supreme Court for an order to certify, claiming that the Court of Appea's of Hamilton County committed error in its above holdings.

Attorneys—S. A. Headley and W. K. Sibhald. for Williamson Co.; I. B. Davidson and H. intz & Heintz, for Gano Co, all of Cincinnati.

## No. 272
## EDWARD HINE et al v. ROSIE EIKLER
No. 18395. Ohio Supreme Court
Error to Hamilton Appeals
Docketed Feb. 19, 1924, 2 Abs. 747.

**829. NEGLIGENCE—In operation of automobile.**

**607. HIGHWAYS—Blocked for repairs.**

Action for damages in Hamilton Common Pleas wherein Rosie Eikler was plaintiff and the partners of Edward Hine & Sons, a partnership, were defendants. The Hines were engaged in constructing a section of public highway. The chief highway engineer had declared that the work would require the closing of the road to traffic. The road was partly blocked by a trestle on the left side of the entrance to the construction with the words "Road Blocked" thereon. There was no obstruction on the right hand side of the entrance. Plaintiff and her husband, in a buggy, drove on to the newly constructed highway and to a place where the husband got out of the buggy, leaving it standing on the right side of the road near the curb with plaintiff in it. While plaintiff was there an automobile, driven by one of defendants' men, passed dragging a trailer which swung to the right passing plaintiff's buggy, struck the buggy and knocked plaintiff out to the ground, causing the injuries complained of. From a verdict and judgment for plaintiff, defendant prosecuted error to the Court of Appeals which affirmed the judgment.

Defendants contend:

1. If a road contractor gives reasonable notice to the public that the road is not open to travel his liability is suspended and he is not obliged to keep the road safe for travelers.

2. Plaintiff was guilty of contributory negligence because violation of the statute concerning closed roads is negligence per se. 101 OS. 282.

3. Plaintiff was a trespasser upon an uncompleted public highway in process of construction which had been blocked to public traffic and defendants owed to plaintiff only the duty not wantonly and wilfully to injure her.

Attorneys—Kelley & Remke, for Hine; C. S. Durr, for Eikler, all of Cincinnati.